Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------X

REYMUNDO SANDOVAL, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

PROMISE HOSPITALITY GROUP LLC (D/B/A TRANZIT RESTAURANT & BAR), AND PREMTIM GJONBALIC,

*Defendants.*

-----------------------------------------------------X

**1:26-cv-03366-JMF**

**FIRST AMENDED COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**
**ECF Case**

Plaintiff Reymundo Sandoval ("Plaintiff Sandoval" or "Mr. Sandoval"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates P.C., upon his knowledge and belief, and as against Promise Hospitality Group LLC (d/b/a Tranzit Restaurant & Bar), ("Defendant Corporation"), and Premtim Gjonbalic, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Sandoval is a former employee of Defendants Promise Hospitality Group LLC (d/b/a Tranzit Restaurant & Bar), and Premtim Gjonbalic.

2. Defendants own, operate, or control a restaurant at the Doubletree Hilton, located at 350 W 40th St., New York, NY 10018 under the name "Tranzit Restaurant & Bar".

3. Upon information and belief, Individual Defendant Premtim Gjonbalic, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Sandoval was employed as a busboy/food runner at the hotel restaurant located at 350 W. 40th St., New York, New York 10018.

5. Plaintiff Sandoval was ostensibly employed as a busboy/food runner. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to dishwashing taking out the garbage, cleaning bathrooms, cleaning windows and going to the basement with a cart and filling it up with items and then bringing the items upstairs and accommodating them around the restaurant, (hereafter the "non-tipped duties").

6. At all times relevant to this Complaint, Plaintiff Sandoval worked for Defendants without appropriate minimum wage for the hours that he worked.

7. Rather, Defendants failed to pay Plaintiff Sandoval appropriately for any hours worked at the straight rate of pay.

8. Defendants employed and accounted for Plaintiff Sandoval as a busboy/food runner in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9. Regardless, at all relevant times, Defendants paid Plaintiff Sandoval at a rate that was lower than the required minimum wage rate.

10. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Sandoval's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

11. Upon information and belief, Defendants employed the policy and practice of

disguising Plaintiff Sandoval's actual duties in payroll records by designating him as a busboy/food runner instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Sandoval at the minimum wage rate.

12. In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Sandoval's and other tipped employees' tips and made unlawful deductions from Plaintiff Sandoval's and other tipped employees' wages.

13. Defendants' conduct extended beyond Plaintiff Sandoval to all other similarly situated employees.

14. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sandoval and other employees to work without providing the minimum wage required by federal and state law and regulations.

15. Plaintiff Sandoval now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16. Plaintiff Sandoval seeks certification of this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

17. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Sandoval's state law claims under 28 U.S.C. § 1367(a).

18. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a hotel restaurant located in this district. Further, Plaintiff Sandoval was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

19. Plaintiff Reymundo Sandoval ("Plaintiff Sandoval" or "Mr. Sandoval") is an adult individual residing in Queens County, New York.

20. Plaintiff Sandoval was employed by Defendants at Tranzit Restaurant & Bar at the Doubletree Hilton Hotel from approximately May 15, 2020 until on or about April 8, 2026.

21. Plaintiff Sandoval consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

22. At all relevant times, Defendants own, operate, or control a hotel restaurant, located at 350 W 40th St., New York, NY 10018 under the name "Tranzit Restaurant & Bar".

23. Upon information and belief, Promise Hospitality Group LLC (D/B/A Tranzit Restaurant & Bar), is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 350 W. 40th St., New York, New York 10018.

24. Defendant Premtim Gjonbalic is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Premtim Gjonbalic is

sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Premtim Gjonbalic possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Sandoval, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

25. Defendants operate a hotel restaurant located in the Times Square section of Manhattan in New York City.

26. Individual Defendant, Premtim Gjonbalic, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

27. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28. Each Defendant possessed substantial control over Plaintiff Sandoval's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Sandoval, and all similarly situated individuals, referred to herein.

29. Defendants jointly employed Plaintiff Sandoval (and all similarly situated employees) and are Plaintiff Sandoval's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff Sandoval and/or similarly situated individuals.

31. Upon information and belief, Individual Defendant PREMTIM GJONBALIC operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this Corporation as closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

32. At all relevant times, Defendants were Plaintiff Sandoval's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Sandoval, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Sandoval's services.

33. In each year from 2020 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35. Plaintiff Sandoval is a former employee of Defendants who ostensibly was employed as a busboy/food runner. However, he spent over 20% of each shift performing the non-tipped duties described above.

36. Plaintiff Sandoval seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Reymundo Sandoval*

37. Plaintiff Sandoval was employed by Defendants from approximately May 15, 2020 until on or about April 8, 2026.

38. Defendants ostensibly employed Plaintiff Sandoval as a busboy/food runner.

39. However, Plaintiff Sandoval was also required to spend a significant portion of his work day performing the non-tipped duties described above.

40. Although Plaintiff Sandoval ostensibly was employed as a busboy/food runner, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

41. Plaintiff Sandoval regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42. Plaintiff Sandoval's work duties required neither discretion nor independent judgment.

43. From approximately May 15, 2020 until on or about January 2025, Plaintiff Sandoval worked from approximately 5:30 a.m. until on or about 11:30 a.m., Mondays through Saturdays (typically 36 hours per week).

44. From approximately February 2025 until on or about April 8, 2026, Plaintiff Sandoval worked from approximately 5:30 a.m. until on or about 11:30 a.m., on Mondays, Tuesdays, Wednesdays Fridays and Saturdays (typically 30 hours per week).

45. Throughout his employment, Defendants paid Plaintiff Sandoval his wages by check.

46. From approximately May 2020 until on or about December 2023, Defendants paid Plaintiff Sandoval $10.00 per hour.

47. From approximately January 2024 until on or about December 31, 2024, Defendants paid Plaintiff Sandoval $10.65 per hour

48. From approximately January 2025 until on or about December 31, 2025, Defendants paid Plaintiff Sandoval $11.00 per hour

49. From approximately January 2026 until on or about April 8, 2026, Defendants paid Plaintiff Sandoval $11.35 per hour.

50. Plaintiff Sandoval's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51. For example, on several occasions Defendants required Plaintiff Sandoval to work an additional 30 minutes past his scheduled departure time, and did not pay him for the additional time he worked.

52. Defendants never granted Plaintiff Sandoval breaks or meal periods of any kind.

53. Regardless, Defendants deducted 30 minutes per day from Plaintiff Sandoval's paychecks for breaks they never allowed him to take.

54. Plaintiff Sandoval was never notified by Defendants that his tips were being included as an offset for wages.

55. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sandoval's wages.

56. Defendants withheld a portion of Plaintiff Sandoval's tips; specifically, Defendants withheld the tax portion of Plaintiff Sandoval's tips.

57. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sandoval regarding overtime and wages under the FLSA and NYLL.

58. Defendants did not provide Plaintiff Sandoval an accurate statement of wages, as required by NYLL 195(3).

59. Defendants did not give any notice to Plaintiff Sandoval, in English and in Spanish (Plaintiff Sandoval's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60. As a result of Defendants' failure to provide Plaintiff Sandoval with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

61. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Sandoval (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

62. Plaintiff Sandoval was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63. Defendants' pay practices resulted in Plaintiff Sandoval not receiving payment for all his hours worked, and resulted in Plaintiff Sandoval's effective rate of pay falling below the required minimum wage rate.

64. Defendants required Plaintiff Sandoval and all other busboy/food runners to perform general non-tipped tasks in addition to their primary duties as busboy/food runners.

65. Plaintiff Sandoval and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

66. Plaintiff Sandoval's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

67. Plaintiff Sandoval and all other tipped workers were paid at a rate that was lower than the minimum wage rate by Defendants

68. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Sandoval's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

69. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal

regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

70. In violation of federal and state law as codified above, Defendants classified Plaintiff Sandoval and other tipped workers as tipped employees, and paid them at a rate that was lower than the minimum wage rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

71. Defendants failed to inform Plaintiff Sandoval who received tips that Defendants intended to take a deduction against Plaintiff Sandoval's earned wages for tip income, as required by the NYLL before any deduction may be taken.

72. Defendants failed to inform Plaintiff Sandoval who received tips, that his tips were being credited towards the payment of the minimum wage.

73. Defendants failed to maintain a record of tips earned by Plaintiff Sandoval who worked as a busboy/food runner for the tips he received.

74. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Sandoval who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving busboys and food runners of a portion of the tips earned during the course of employment.

75. Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

76. Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

77. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Sandoval (and similarly situated individuals) worked, and to avoid paying Plaintiff Sandoval properly for his full hours worked.

78. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

79. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Sandoval and other similarly situated former workers.

80. Defendants failed to provide Plaintiff Sandoval and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

81. Defendants failed to provide Plaintiff Sandoval and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

82. As a result of Defendants' failure to provide Plaintiff Sandoval and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Sandoval and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

83. Plaintiff Sandoval brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 Class Period").

84. At all relevant times, Plaintiff Sandoval and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

85. The claims of Plaintiff Sandoval stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

86. Plaintiff Sandoval sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

87. Plaintiff Sandoval brings his New York Labor Law minimum wage, wage deduction and liquidated damages claims on behalf of all persons who were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Sandoval, are referred to herein as the "Class."

88. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

89. There are questions of law and fact common to the Class including:

a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d) Whether Defendants failed and/or refused to pay Plaintiff Sandoval the minimum wage within the meaning of the New York Labor Law;

e) Whether Defendants improperly deducted "shorts" from the Plaintiff Sandoval's wages;

f) At what common rate, or rates subject to common methods of calculation, were Defendants required to pay the class members for their work; and

g) What were the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

90. The claims of the representative party are typical of the claims of the class. Plaintiff Sandoval and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning withholding of tips, sharing those tips with non-tipped workers, and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

91. The representative party will fairly and adequately protect the interests of the Class and had no interests antagonistic to the class. The Named Plaintiff Sandoval is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

92. The common questions of law and fact predominate over questions affecting only individual members.

93. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiff Sandoval lacks the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members is small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

94. Defendants acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

95.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

96. Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

97. At all times relevant to this action, Defendants were Plaintiff Sandoval's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Sandoval (and the FLSA and Rule 23 class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

98. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

99. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

100. Defendants failed to pay Plaintiff Sandoval (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

101. Defendants' failure to pay Plaintiff Sandoval (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

102. Plaintiff Sandoval (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

103. Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

104. At all times relevant to this action, Defendants were Plaintiff Sandoval's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Sandoval, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

105. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Sandoval and the FLSA and Rule 23 class members less than the minimum wage.

106. Defendants' failure to pay Plaintiff Sandoval and the FLSA and Rule 23 class members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

107. Plaintiff Sandoval was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

108. Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

109. Defendants failed to provide Plaintiff Sandoval and the Rule 23 class members with a written notice, in English and in Spanish (Plaintiff Sandoval's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

110. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Sandoval, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

111. Defendants are liable to Plaintiff Sandoval and the Rule 23 class members in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

112. Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

113. With each payment of wages, Defendants failed to provide Plaintiff Sandoval and the Rule 23 class members with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

114. As a result of Defendants' failure to furnish accurate statements to Plaintiff Sandoval, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

115. Defendants are liable to Plaintiff Sandoval and the Rule 23 class members in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION OF THE NEW YORK LABOR LAW**

116. Plaintiff Sandoval repeats and realleges all paragraphs above as though fully set forth herein.

117. At all relevant times, Defendants were Plaintiff Sandoval's and the Rule 23 class members' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

118. New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

119. Defendants unlawfully misappropriated a portion of Plaintiff Sandoval's and the Rule 23 class members' tips that were received from customers.

120. Defendants knowingly and intentionally retained a portion of Plaintiff Sandoval's and the Rule 23 class members' tips in violations of the NYLL and supporting Department of Labor Regulations.

121. Plaintiff Sandoval was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sandoval respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective and Rule 23 action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of

the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Sandoval and the FLSA and Rule 23 class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Sandoval's and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Sandoval and the FLSA and Rule 23 class members;

(e) Awarding Plaintiff Sandoval and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Sandoval and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Sandoval and the Rule 23 class members;

(h) Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Sandoval's (and the Rule 23 class members') compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Sandoval and the Rule 23 class members;

(j) Awarding Plaintiff Sandoval and the Rule 23 class members damages for the amount of unpaid minimum wage and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Sandoval and the Rule 23 class members damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Sandoval and the Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wages shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Sandoval and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Sandoval and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Sandoval demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
June 15, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ *Michael Faillace*
By: Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*