**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

REYMUNDO SANDOVAL, *individually and on behalf of others similarly situated*,

*Plaintiff,*

-against-

PROMISE HOSPITALITY GROUP LLC (D/B/A TRANZIT RESTAURANT & BAR), AND PREMTIM GJONBALIC,

*Defendants.*

Case No.: 1:26-cv-03366-JMF

**RULE 68 JUDGMENT**

**WHEREAS**, on April 23, 2026, Reymundo Sandoval ("Plaintiff") filed this action against Promise Hospitality Group LLC ("PHG") and Premtim Gjonbalic ("Premtim," and together with PHG, "Defendants"); and

**WHEREAS**, on October 28, 2026, pursuant to Rule 68 of the Federal Rules of Civil Procedure, and in order to effectuate a settlement reached by the parties, PHG served upon Plaintiff Reymundo Sandoval an offer to allow judgment to be taken against PHG Pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Offer of Judgment"), a copy of which is attached as **Exhibit A** hereto; and

**WHEREAS**, on October 28, 2026, Plaintiff accepted the Offer of Judgment, which acceptance is attached hereto as **Exhibit B**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. PHG shall pay Plaintiff the total sum of Thirty-Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00) (the "Judgment Amount"). The Judgment Amount includes all compensatory damages, statutory damages, attorneys' fees incurred to date, litigation expenses, and costs of litigation available under all federal, state, or local statutes.

2. The Judgment Amount of Thirty-Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00) shall be paid as follows:

a. Thirty-Two Thousand Five Hundred Dollars and Zero Cents ($32,500.00) shall be paid to "Michael Faillace & Associates, P.C. dba CSM Legal" by wire transfer within thirty (30) days after entry of the judgment by the Court. The wire instructions have been provided to Defendants' counsel.

The Judgment Amount and timing of payment is reasonable.

3. This judgment shall be in full satisfaction of all federal, state, and local statutory and/or common law claims or rights that Plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of Defendants, or any of Defendants' past, present, and future owners, officers, directors, partners, stockholders, members, managing members, managers, employees, parent entities, subsidiary entities, affiliates, and insurers, and the predecessors, successors, heirs, executors, administrators, representatives and assigns of each of the foregoing, each in their capacity as such, in connection with the facts and circumstances that are the subject of this action, as alleged in the Complaint and any amended pleading pleadings filed in this action.

4. This offer of judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure, and in order to effectuate a voluntary settlement of the action, and is not to be construed as an admission of liability by Defendants, or any of Defendants' past, present, and future owners, officers, directors, partners, stockholders, members, managing members, managers, employees, parent entities, subsidiary entities, affiliates, and insurers, and the predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing, each in their capacity as such, or that Plaintiff has suffered any damages in connection with the facts and circumstances that are the subject of this action.

5. Acceptance of this offer of judgment will act as a general release and discharge by Plaintiff of Defendants and Defendants' past, present, and future owners, officers, directors, partners, stockholders, members, managing members, managers, employees, parent entities, subsidiary entities, affiliates, and insurers, and the predecessors, successors, heirs, executors, administrators, representatives, and assigns of each of the foregoing, each in their capacity as such, from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs, or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive, or declaratory relief relating thereto, that were asserted or could have been asserted in this action arising out of the facts and circumstances that are the subject of this action, as alleged in the Complaint and any amended pleadings filed in this action, from the beginning of time to the date that judgment is entered.

6. Acceptance of this offer of judgment also will operate to waive Plaintiff's rights to any claim of interest on the amount of the judgment.

7. Within three (3) days after Plaintiff's counsel has received the Judgment Amount, Plaintiff must file a Satisfaction of Judgment in the form annexed hereto as **Exhibit A**. The Court will retain jurisdiction over this case until the Satisfaction of Judgment has been filed and entered by the Court.

8. The Clerk of the Court is respectfully directed to close this case with prejudice against Defendants.

**SO ORDERED:**

Dated: November 20, 2026
New York, New York

Magistrate Judge Robert W Lehrburger
United State Magistrate District Judge